UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANG CAO VU,

            Petitioner,

    v.                                CAUSE NO. 3:25-CV-999 DRL-SJF

BRIAN ENGLISH,

            Respondent.

<u>ORDER TO SHOW CAUSE</u>

Immigration detainee, Dang Cao Vu, filed a petition under 28 U.S.C. § 2241 through counsel. He alleges that he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Vu alleges he entered the United States in 1985 at the age of five as a refugee from Vietnam and became a lawful permanent resident. However, he was ordered removed in 2002 based on a 1998 conviction for drug and gun charges. When he was released from criminal detention, he was placed in immigration detention. But after approximately eight months in immigration detention, Mr. Vu was released on an order of supervision because his removal was not significantly likely in the reasonably foreseeable future. Vietnam has never had a repatriation agreement with the United States for Vietnamese nationals that resettled as refugees prior to 1995, so Mr. Vu could not be removed to Vietnam.

Mr. Vu says, for the next 23 years, he complied with the terms of his supervision order, married a United States citizen, and had a child (also a United States citizen). He reports building a successful business in his community in Boston, Massachusetts. He

had no further interaction with law enforcement. United States Immigration and Customs Enforcement (ICE) detained him on May 20, 2025. He has been detained for 197 days, as of the filing of his petition. He argues his detention is unlawful for two reasons.

First, Mr. Vu argues his detention violates due process because ICE did not abide its own regulations in 8 C.F.R. § 241.13(i)(2)-(3) to re-detain him. ICE did not identify any change in circumstances, provide notice, or provide an informal interview before re-detaining him, he claims.

Second, Mr. Vu argues that, because his detention now exceeds six months and because the respondent has no evidence that his removal is significantly likely in the reasonably foreseeable future, his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The United States still has no repatriation agreement with Vietnam for refugees who were admitted to the United Stated before 1995—a group that includes Mr. Vu. Furthermore, on June 20, 2025, Mr. Vu completed a Form I-217 (Information for Travel Document or Passport) but has received no response. He argues his removal is not reasonably foreseeable, so his re-detention in excess of six months is unlawful.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, though it does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, it seems, review is limited to the issue whether Mr. Vu's current detention is unlawful because he was re-detained in violation of agency rules and because there is no significant likelihood of his removal in the reasonably foreseeable future.

Mr. Vu asks the court to order a response within three days, citing 28 U.S.C. § 2243. Section 2243 is not controlling, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Couts; *Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir.1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Under the circumstances here, three days is unwarranted, but a short deadline is appropriate.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 3) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 3) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS these same people to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS the respondent to file a brief status report by **December 10, 2025**, detailing (a) whether Dang Cao Vu was located in the Northern District of Indiana at the time this case was filed; (b) Dang Cao Vu's current location and proper respondent based on that location; and (c) whether there are plans to remove Dang Cao Vu from the United States in the next 21 days and, if so, to where; and

(5) ORDERS the respondent to file a response to the petition by **December 15, 2025**, with the reply due **December 22, 2025**.

SO ORDERED.

December 8, 2025

_s/ Damon R. Leichty_
Judge, United States District Court